**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SUNI HAKIM, JR., | Civil No. 09-5533 (RMB) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| COUNTY EXECUTIVE DENIS LEVINSON, et al., |  |
| Defendants. |  |

**APPEARANCES**:

    SUNI HAKIM, JR., 872525D, Plaintiff Pro Se
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**BUMB**, District Judge:

Suni Hakim, a New Jersey sentenced prisoner, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement and the apparent absence of three qualifying dismissals, pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee. See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted, as Plaintiff's allegations are practically identical to those found

wanting by Judge Simandle in <u>Hakim v. Levinson</u>, Civil No. 08-4012 (JBS) opinion (D.N.J. Nov. 3, 2008).[1]  The dismissal, however, is without prejudice to the filing of an amended complaint stating a cognizable claim under 42 U.S.C. § 1983.

## I.   BACKGROUND

Plaintiff brings this action against Atlantic County Executive Denis Levinson; Gary Merline, Warden of the Atlantic County Justice Facility; Captain Thomas; and the County Inspector.  Plaintiff asserts the following facts:

### Failure to Protect

> Consumed expired food and had a stomach virus[;] authorities knew but did not care to update the food that detainees consume on daily basis.  June 27, 28, '08.

> Slept on the floor very near and under the toilet level while it was clogged with feces and urine April 15, '08.  Slept on floor near toilet and results was me getting boils. (outbreak was frequent).  Since Dec 07.

### Lack of Recreation

> Being denied recreation 96 hours + at a time being allowed recreation in unfairly overcrow[d]ed and small day room in which

---

[1] Complaints may be dismissed as frivolous when they seek to relitigate claims alleging substantially the same facts arising from a common series of events which were previously dismissed.  See <u>Cooper v. Delo</u>, 997 F.2d 376, 377 (8th Cir. 1993); <u>Pittman v. Moore</u>, 980 F.2d 994 (5th Cir. 1993); <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C. Cir. 1981).  A court may look to its own records to determine whether a pleading repeats prior claims.  <u>Crisafi</u>, 655 F.2d at 1309; <u>Van Meter v. Morgan</u>, 518 F.2d 366, 368 (8th Cir. 1975).

> floor bunks of many other people were held. Since Dec '07.  Atrophy in legs.
>
> Lack of access to the courts
>
> No trained law librarian to help assist me with my cases and completing 1983 form.
>
> The defendants named not only violated my rights of New Jersey Administrative code 1, 4, 7, 8, 9.  NJAC 10A:4-3.1 but also my 1st 5th 6th 8th and 14th Amendments to the United States constitution.
>
> They (defendants) intentionally took their business elsewhere rather than to address not just mines [sic], all detainees rights.  The defendants knew that very many of the detainees held in A.C.J.F. would not hold them accountable for the[ir] actions.  They feel and know that most haven[']t the know how to address many situations at hand.

(Complaint, statement of claims) (Docket Entry #1, p. 2.)

Plaintiff further asserts that Gary Merline violated his rights by "knowing that people who sleep directly one foot by a toilet in a cell that that person would most likely to develop diseases/illness such as boils, rashes.  Also that the dayroom was filled with detainees and did nothing about it.  I was infected with boils."  (Docket entry #1 at p. 3.)  The facility inspector allegedly violated Plaintiff's rights by "knowing and disregarding the fact that the pre-detainees food was not fresh and adequate enough to consume, also he disregarded that the unfresh food was not disposed of and replaced."  <u>Id.</u>  Mr. Thomas allegedly violated Plaintiff's rights by "knowing that the cells in the facility were initially built to contain two people not 3

in 16 cells each." Id.  For relief, Plaintiff seeks to be compensated for mental and physical hardships he suffered.  Id.

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d

Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a

5

>       cause of action, supported by mere conclusory
>       statements [, i.e., by] legal conclusion[s]
>       couched as a factual allegation [e.g.,] the
>       plaintiffs' assertion of an unlawful
>       agreement [or] that [defendants] adopted a
>       policy "'because of,' not merely 'in spite
>       of,' its adverse effects upon an identifiable
>       group." . . . . [W]e do not reject these bald
>       allegations on the ground that they are
>       unrealistic or nonsensical. . . .  It is the
>       conclusory nature of [these] allegations . .
>       . that disentitles them to the presumption of
>       truth. . . . [Finally,] the question [of
>       sufficiency of] pleadings does not turn [on]
>       the discovery process.  Twombly, 550 U.S.] at
>       559 . . . . [The plaintiff] is not entitled
>       to discovery [where the complaint asserts
>       some wrongs] "generally," [i.e., as] a
>       conclusory allegation [since] Rule 8 does not
>       [allow] pleading the bare elements of [the]
>       cause of action [and] affix[ing] the label
>       "general allegation" [in hope of developing
>       actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  Since Iqbal, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

---

[2]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [See Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.] In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show*[*n*]*'-'that the pleader is entitled to relief*.'" Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.   DISCUSSION

On August 11, 2008, Plaintiff filed an almost identical complaint naming the same defendants and asserting essentially the same facts as those asserted in this Complaint. See Hakim v.

Levinson, Civ. No. 08-4012 (JBS) compl. (D.N.J. filed Aug. 11, 2008). Citing Bell v. Wolfish, 441 U.S. 520 (1979), and Hubbard v. Taylor, 538 F. 3d 229 (3d Cir. 2008), Judge Simandle held that Plaintiff's allegations failed to adequately plead a conditions of confinement claim under the Due Process Clause, applicable to pretrial detainees:

> Plaintiff's overcrowding allegations do not state a claim, since Plaintiff asserts the fact of his sleeping on a floor mattress near a toilet, but does not allege that he has been deprived of access to a day-room area, or that the day-room area was unduly small . . . . , In sum, as drafted, Plaintiff's Complaint expresses that his cell conditions are crowded and uncomfortable, but not that his overall environment falls below the minimum for civilized conditions.

Hakim, Civ. No. 08-4012 (JBS) opinion at pp. 11-12 (D.N.J. Nov. 3, 2008).

The only difference between the allegations in Civil No. 08-4012 and this Complaint with respect to the conditions is that Plaintiff now alleges that he suffered an outbreak of boils as a result of sleeping on the floor near the toilet.[3] However, Plaintiff's conclusions that boils are caused by sleeping near a toilet and stomach viruses are caused by the consumption of expired food are not factual allegations which this Court is required to accept as true under Iqbal. Moreover, the failure to

---

[3] Plaintiff alleged in both complaints that on June 27-28, 2008, he contracted a stomach virus from eating expired food.

8

check the expiration date of food served to inmates on two days constitutes negligence, which is simply not actionable under 42 U.S.C. § 1983.[4]  See Davidson v. Cannon, 474 U.S. 344 (1986) (prison official's negligent failure to protect inmate from assault by another inmate, where official "mistakenly believed that the situation was not particularly serious," does not state a claim under § 1983); Daniels v. Williams, 474 U.S. 327 (1986) inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983).  Plaintiff's § 1983 claims based on eating expired food and sleeping next to a toilet will be dismissed for failure to state a claim upon which relief may be granted.

---

[4] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Like the complaint dismissed by Judge Simandle, in the Complaint at bar Plaintiff also alleges that he was denied adequate recreation. Judge Simandle reasoned that, while the denial of recreation can result in a constitutional violation, Plaintiff's allegations failed to state a claim because Plaintiff did not "assert[] that the totality of prison conditions so deprived him/her of exercise that the plaintiff suffered a tangible physical harm, and that such prison conditions resulted from the officials' aim to punish the plaintiff rather than from legitimate governmental goals, e.g., inmates/personnel's safety and/or maintenance of the institution." Hakim, Civ. No. 08-4012 (JBS) opinion at pp. 12-13.

The Complaint before this Court merely states that Plaintiff had no recreation for 96 hours at a time, and that the recreation he did receive was in an overcrowded day room. (Compl. at p. 2.) Like his previous complaint, the allegations in the Complaint at bar do not rise to a constitutional level. See Spain v. Procunier, 600 F. 2d 189, 199 (9th Cir. 1979) (lack of exercise rises to constitutional level where "the health of the individual is threatened") (cited with approval in Peterkin v. Jeffes, 855 F. 2d 1021, 1031 (3d Cir. 1988)).

Finally, Plaintiff asserts that he was denied his constitutional right of access to courts by the lack of trained law librarians to assist him with his cases and the writing of

10

his complaint.  Like the prior complaint, the present Complaint fails to show that Plaintiff has standing to pursue an access to courts claim.[5]  To establish standing for an access to courts claim, prisoners must assert "(1) that they suffered an actual injury - that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit."  Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)) (internal quotation marks omitted).  As the United States Court of Appeals for the Third Circuit explained,

> In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike.  That claim, on its face, was insufficient to state a claim under Harbury.  So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous.  Nor did they maintain that they had no other remedy to compensate them for their lost claims.  Even liberally construing their complaints as we must do for pro se litigants, they do not sufficiently allege that they have suffered actual injury.

Monroe, 536 F. 3d at 206 (citations and footnote omitted).

---

[5] As Judge Simandle noted, Plaintiff does not need a law librarian to state facts in a complaint.

11

Plaintiff's access to courts claim will be dismissed because his allegations do not show that he has standing to pursue an access to courts claim.

This Court is dismissing every potential federal claim raised in the Complaint. However, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000). Because Plaintiff may be able to assert facts stating a cognizable claim under 42 U.S.C. § 1983 regarding the conditions of confinement and access to courts, the dismissal of the Complaint will be without prejudice to the filing of an amended complaint stating a cognizable claim under § 1983. See Grayson v. Mayview State Hosp., 293 F. 3d 103 (3d Cir. 2002); Shane v. Fauver, 313 F. 3d 113 (3d Cir. 2000).

### IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint. The Court will enter an appropriate Order.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
United States District Judge

Dated: April 26, 2010